**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **TRACY PEARSON on behalf of herself** | § | |
| **and all others similarly situated,** | § | |
| | § | **CIVIL ACTION NO: 4:22-cv-333** |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **JURY TRIAL DEMANDED** |
| | § | |
| **GC SERVICES, LP,** | § | |
| | § | |
| **Defendant.** | § | |

**PLAINTIFF'S ORIGINAL COLLECTIVE ACTION
AND CLASS ACTION COMPLAINT**

Now comes Plaintiff Tracy Pearson, by and through undersigned counsel, and for his

Complaint against Defendant GC Services LP, states and alleges the following:

**INTRODUCTION**

1.      This is a "collective action" instituted by Plaintiff as a result of Defendant's

practices and policies of not paying its hourly, non-exempt employees, including Plaintiff and

other similarly situated employees, wages for all hours worked, including overtime compensation

at the rate of one and one-half times their regular rate of pay for all the hours they worked over 40

each workweek, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219.

2.      This is also a "class action" pursuant to Fed. R. Civ. P. 23 to remedy violations of

the West Virginia Wage Payment and Collection Act, W.Va. Code § 21-5-1, *et seq.* and the West

Virginia Minimum Wage and Maximum Hours Standards for Employees, W.Va. Code § 21-5C-

1, *et seq.* (collectively "West Virginia Wage Laws").

## JURISDICTION AND VENUE

3.      This court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought under the laws of the United States, specifically the FLSA, 29 U.S.C. § 216(b), *et seq*.

4.      This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because the claims are so related to the FLSA claims as to form part of the same case or controversy.

5.      Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant's headquarters and principal place of business is located Houston, Texas.

## PARTIES

6.      Plaintiff Tracy Pearson is an individual who resides in Huntington, West Virginia. Plaintiff's written consent to this action is attached hereto as Exhibit "A."

7.      Defendant GC Services, LP is a foreign limited partnership with its principal place of business located at 6330 Gulfton Street, Houston, Texas 77081. Defendant may be served with process by serving its registered agent CT Corporation System at 1999 Bryan St., Suite 900, Dallas, TX 75201.

8.      At all material times, Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e), W.Va. Code § 21-5-1(b), and W.Va. Code § 21-5C-1(f).

9.      At all material times, Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

10.     At all material times, Defendant has been an employer within the meaning of 29 U.S.C. § 203(d), W.Va. Code § 21-5-1(m), and W.Va. Code § 21-5C-1(e).

2

11.   At all times relevant herein, Defendant has been an enterprise within the meaning of 29 U.S.C. § 203(r).

12.   At all material times, Defendant has been an enterprise in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1), and has enjoyed yearly gross revenue in excess of $500,000.

## FACTUAL ALLEGATIONS

13.   Defendant is a business process outsourcing solutions provider that operates approximately 28 call centers across the United States.

14.   Defendant employs call center representative, including customer service, collections, account, customer care, and technical support representatives, specialists, and analysts (hereinafter "call center representatives").

15.   Defendant also employs call center representatives who work remotely and perform the same tasks as the call center representatives who work at Defendant's call centers.

16.   From approximately February 6, 2021 through November 17, 2021, Plaintiff was employed by Defendant as a call center representative at one of Defendant's call centers in Huntington, West Virginia.

17.   Plaintiff and other similarly situated employees were employed as call center representatives or performed similar tasks as call center representatives.

18.   Plaintiff and other similarly situated employees were non-exempt employees under the FLSA.

19.   Plaintiff and other similarly situated employees were paid an hourly wage.

20.    Plaintiff and other similarly situated employees regularly worked 40 or more hours per week.

**(Failure to Pay for Time Spent Starting and Logging into Computer Systems, Applications, and Call System)**

21.    Plaintiff and other similarly situated employees were required by Defendant to preform unpaid work before clocking in each day, including but not limited to starting and logging into the computer systems, software applications, and phone system.

22.    Defendant arbitrarily failed to count this work performed by Plaintiff and other similarly situated employees as "hours worked."

23.    Plaintiff and other similarly situated employees performed this unpaid work every workday, and it constituted a part of their fixed and regular working time.

24.    This unpaid work performed by Plaintiff and other similarly situated employees was practically ascertainable to Defendant.

25.    There is no practical administrative difficulty of recording this unpaid work of Plaintiff's and other similarly situated employees. It could be precisely recorded for payroll purposes simply by allowing them to clock in and be paid before they brought up Defendant's computer systems, applications, and phone system.

26.    This unpaid work performed by Plaintiff and other similarly situated employees constituted a part of their principal activities, was required by Defendant, and was performed for Defendant's benefit.

27.    Moreover, this unpaid work is an integral and indispensable part of other principal activities performed by Plaintiff and other similarly situated employees. They cannot perform their work without bringing up Defendant's computer systems, applications, and phone system.

**(Failure to Pay for Time Spent on Post-Shift Calls, Shutting Down Computer Systems, Applications, and Phone System)**

28.     Plaintiff and other similarly situated employees were required by Defendant to perform unpaid work after their shift ended each day including but not limited to shutting down and logging out of Defendant's computer systems, software applications, and call system.

29.     Defendant arbitrarily failed to count this work performed by Plaintiff and other similarly situated employees as "hours worked."

30.     Plaintiff and other similarly situated employees performed this unpaid work every workday, and it constituted a part of their fixed and regular working time.

31.     This unpaid work performed by Plaintiff and other similarly situated employees was practically ascertainable to Defendant.

32.     This unpaid work performed by Plaintiff and other similarly situated employees constituted a part of their principal activities, was required by Defendant, and was performed for Defendant's benefit.

33.     Moreover, this unpaid work was an integral and indispensable part of other principal activities performed by Plaintiff and other similarly situated employees.

**(Failure to Pay for Time Spent Working but not Logged into Defendant's Systems, Programs and Applications)**

34.     Defendant utilized a timekeeping system such that Plaintiff and similarly situated employees are not paid for all hours worked.

35.     Plaintiff and similarly situated employees are not compensated for the time spent not logged into call programs or any other time spent working to log in or out of the computer systems, applications, and phone system.

36.     Plaintiff estimates that he spent at least 20 to 30 minutes each workday working to log in and out of Defendant's computer systems, applications, and phone system.

**(Failure to Pay Overtime Compensation)**

37.     As a result of Plaintiff and other similarly situated employees not being paid for all hours worked, Plaintiff and other similarly situated employees were not paid overtime compensation for all of the hours they worked over 40 each workweek.

**(Failure to Keep Accurate Records)**

38.     Upon information and belief, Defendant failed to make, keep, and preserve records of the unpaid work performed by Plaintiffs and other similarly situated employees when not clocked in.

**(Defendant Willfully Violated the FLSA)**

39.     Defendant knowingly and willfully engaged in the above-mentioned violations of the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

40.     Plaintiff brings Count One of this action on her own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of all other persons similarly situated who have been, are being, or will be adversely affected by Defendant's unlawful conduct.

41.     The class which Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff is herself a member, is composed of and defined as follows:

> All former and current call center representatives or persons with jobs performing substantially identical functions and/or duties to call center representatives employed by Defendant during the statutory period covered by this Complaint.

42.     Plaintiff is unable to state at this time the exact size of the potential class, but upon information and belief, avers that it consists of more than 1,000 persons.

43.     This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.  In addition to Plaintiff, numerous current and former employees are similarly situated with regard to their wages and claims for unpaid wages and damages.  Plaintiff is representative of those other employees and is acting on behalf of their interests as well as her own in bringing this action.

44.     These similarly situated employees are known to Defendant and are readily identifiable through Defendant's payroll records.  These individuals may readily be notified of this action and allowed to opt in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

## CLASS ACTION ALLEGATIONS

45.     Plaintiff brings Counts Two of this action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) on behalf of herself and all other members of the class ("the West Virginia Class") defined as:

> All former and current call center representatives or persons with jobs performing substantially identical functions and/or duties to call center representatives employed by Defendant in the State of West Virginia during the statutory period covered by this Complaint.

46.     The West Virginia Class is so numerous that joinder of all class members is impracticable.  Plaintiff is unable to state at this time the exact size of the potential West Virginia Class, but upon information and belief, avers that it consists of at least 100 persons.

47.     There are questions of law or fact common to the West Virginia Class, including but not limited to the following:

(a) whether Defendant failed to pay overtime compensation to its call center representatives for hours worked in excess of 40 each workweek; and

(b) what amount of monetary relief will compensate Plaintiff and other members of the Class for Defendant's violation of the West Virginia Wage Laws.

48.     The claims of the named Plaintiff is typical of the claims of other members of the West Virginia Class.  Named Plaintiff's claims arise out of the same uniform course of conduct by Defendant and are based on the same legal theories as the claims of the other West Virginia Class members.

49.     The named Plaintiff will fairly and adequately protect the interests of the West Virginia Class.  Her interests are not antagonistic to, but rather are in unison with, the interests of the other West Virginia Class members.  The named Plaintiff's counsel has broad experience in handling class action wage-and-hour litigation and is fully qualified to prosecute the claims of the West Virginia Class in this case.

50.     The questions of law or fact that are common to the West Virginia Class predominate over any questions affecting only individual members.  The primary questions that will determine Defendant's liability to the West Virginia Class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

51.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy.  Requiring West Virginia Class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources.  Many West Virginia Class members' claims are sufficiently

small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their

claims individually.  Certification of this case pursuant to Fed. R. Civ. P. 23 will enable the issues

to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE

### (FLSA Violations)

52.    Plaintiff incorporates by reference the foregoing allegations as if fully rewritten

herein.

53.    Defendant's practice and policy of not paying Plaintiff and other similarly situated

employees for work performed before clocking in each day violated the FLSA, 29 U.S.C. § 207,

29 CFR § 785.24.

54.    Defendant's practice and policy of not paying Plaintiff and other similarly situated

employees for work performed after their shift ended violated the FLSA, 29 U.S.C. § 207, 29 CFR

§ 785.24.

55.    Defendant's practice and policy of not paying Plaintiff and other similarly situated

employees for all work performed each day violates the FLSA, 29 U.S.C. § 207, 29 CFR § 785.24.

56.    Defendant's practice and policy of not paying Plaintiff and other similarly situated

employees overtime compensation at a rate of one and one-half times their regular rate of pay for

all of the hours they worked over 40 in a workweek violates the FLSA, 29 U.S.C. § 207.

57.    Defendant's failure to keep records of all of the hours worked each workday and

the total hours worked each workweek by Plaintiff and other similarly situated employees violates

the FLSA, 29 C.F.R. 516.2(a)(7).

58.    By engaging in the above-mentioned conduct, Defendant willfully, knowingly,

and/or recklessly violated the provisions of the FLSA.

59.     As a result of Defendant's practices and policies, Plaintiff and other similarly situated employees have been damaged in that they have not received wages due to them pursuant to the FLSA.

## COUNT TWO

### (Violations of the West Virginia Laws)

60.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

61.     Defendant's practice and policy of not paying Plaintiff and other similarly situated employees for work performed before clocking in each day violated the West Virginia Laws.

62.     Defendant's practice and policy of not paying Plaintiff and other similarly situated employees for work performed after their shift ended violated the West Virginia Wage Laws.

63.     Defendant's practice and policy of not paying Plaintiff and other similarly situated employees for work performed when not logged into Defendant's computer systems, applications, and phone system violated the West Virginia Wage Laws.

64.     Defendant's practice and policy of not paying Plaintiff and other similarly situated employees overtime compensation at a rate of one and one-half times their regular rate of pay for all of the hours they worked over 40 in a workweek violates the West Virginia Minimum Wage and Maximum Hours Standards for Employees, including W.Va. Code § 21-5C-3.

65.     Defendant failed to timely pay Plaintiff and other similarly situated employees all wages owed to them within the time periods mandated by the West Virginia Payment and Collections Act, including in W.Va. Code § W.Va. Code § 21-5-3.

66.     Defendant's failure to make, keep, and preserve records of all of the hours worked each workday and the total hours worked each workweek by Plaintiff and other similarly situated

employees violates the West Virginia Wage Laws, including W.Va. Code § 21-5-9(6) and W.Va. Code § 21-5C-5.

67.    By engaging in the above-mentioned conduct, Defendant willfully, knowingly and/or recklessly violated the West Virginia Wage Laws.

## JURY DEMAND

68.    Pursuant to the right under the Constitution of the United States, U.S. CONST. amend VII, and FED R. CIV. P. 38(a), Plaintiff hereby demands trial by jury.

## PRAYER FOR RELIEF

69.    **WHEREFORE**, Plaintiff, and all those similarly situated, collectively pray that this Honorable Court:

A.    Issue an order permitting this litigation to proceed as a collective action;

B.    Order prompt notice, pursuant to 29 U.S.C. § 216(b), to all class members that this litigation is pending and that they have the right to "opt in" to this litigation;

C.    Issue an order certifying the West Virginia Class pursuant to Fed. R. Civ. R. 23(a) and (b)(3);

D.    Award Plaintiff and the classes he represents actual damages for unpaid wages;

E.    Award Plaintiff and the classes he represents statutory liquidated damages;

F.    Award Plaintiff and the classes he represents pre- and post-judgment interest at the statutory rate;

G.    Award Plaintiff and the classes he represents attorneys' fees, costs, and disbursements; and

H.    Award Plaintiff and the classes he represents further and additional relief as this Court deems just and proper.

Respectfully submitted,

By:  */s/ Don J. Foty*
       Don J. Foty
       Hodges & Foty, LLP
       Texas Bar No. 24050022
       4409 Montrose Blvd, Ste. 200
       Houston, TX 77006
       Telephone: (713) 523-0001
       Facsimile: (713) 523-1116
       dfoty@hftrialfirm.com

              And

       Matthew S. Grimsley
       Ohio Bar No. 0092942
       (*pro hac vice motion forthcoming*)
       Anthony J. Lazzaro
       Ohio Bar No. 0077962
       (*pro hac vice motion forthcoming*)
       Lori M. Griffin
       Ohio Bar No. 0085241
       (*pro hac vice motion forthcoming*)
       Alanna Klein Fischer
       Ohio Bar No. 0090986
       (*pro hac vice motion forthcoming*)
       The Lazzaro Law Firm, LLC
       34555 Chagrin Boulevard, Suite 250
       Moreland Hills, Ohio 44022
       Telephone: 216-696-5000
       Facsimile: 216-696-7005
       matthew@lazzarolawfirm.com
       anthony@lazzarolawfirm.com
       lori@lazzarolawfirm.com
       alanna@lazzarolawfirm.com

       Attorneys for Plaintiff and Class Members

12